**Raymond A. DeLANCY, Plaintiff-Appellant,**

v.

**Terry CALDWELL, Official Court Reporter, Tulsa, OK, Defendant-Appellee.**

No. 84–1019.

United States Court of Appeals, Tenth Circuit.

Aug. 29, 1984.

Raymond A. DeLancy, pro se.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir. R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an order dismissing plaintiff's 42 U.S.C. § 1983 civil rights action.

Plaintiff, an Oklahoma state prisoner, sought declaratory and injunctive relief and compensatory damages for alleged deprivations of his civil rights resulting from the defendant court reporter's alleged three-year refusal to allow plaintiff to purchase a portion of a trial transcript. Plaintiff contends that this impaired one of the claims in his application for state post-conviction relief because he could not provide a record in support of the claim. Plaintiff asserts that he was denied his rights to due process, equal protection, and access to the courts.

The district court ordered the Attorney General to prepare a special report, pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978). As a result of the preparation of the report, the defendant transcribed the requested portion of the trial for the plaintiff. Consequently, the district court dismissed plaintiff's section 1983 action as moot.

The district court's holding that plaintiff's action is moot is correct to the extent that plaintiff sought injunctive relief. However, plaintiff also sought damages for the alleged deprivation of constitutional rights flowing from the delay in receiving the transcript. If plaintiff can establish a deprivation of his rights and damages as a result thereof, his claim is not mooted merely because he is supplied a copy of the requested transcript.

An excessive delay in furnishing a pretrial or trial transcript to be used on appeal or for post-conviction relief can amount to a deprivation of due process. *United States v. Pratt,* 645 F.2d 89, 91 (1st Cir.), *cert. denied,* 454 U.S. 881, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); *Rheuark v. Shaw,* 628 F.2d 297, 302 (5th Cir.1980). In a similar context the Supreme Court has identified four factors that should be balanced on a case-by-case basis to determine

whether a defendant has been denied due process. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Those factors are the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. at 2192. *Barker v. Wingo* involved a defendant who was not brought to trial for more than five years after his arrest. We agree with the Fifth Circuit that the right to avoid unreasonable delay in the appellate process is similar to the right to a speedy trial. *Rheuark v. Shaw,* 628 F.2d 297, 303 (5th Cir.1980). Accordingly, the trier of fact must balance the four factors to determine whether plaintiff in the case at bar has been denied due process.

Regarding the fourth factor—prejudice to the defendant—the Court in *Barker v. Wingo* identified three interests of a defendant in a speedy trial. *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. at 2193. The Fifth Circuit in *Rheuark* modified those interests to the appeals process. They are: "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person's grounds for appeal, and his or her defenses in case of reversal or retrial, might be impaired." *Rheuark,* 628 F.2d at 303 n. 8.

Thus if plaintiff can establish a delay in his appeal process resulting from the reporter's failure to provide him with a transcript, the trial court must balance the four factors of *Barker v. Wingo,* including the three interests that fall under the fourth factor—prejudice to the defendant. The language of the Court in *Barker v. Wingo* regarding the speedy trial right is equally applicable here.

We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.

407 U.S. at 533, 92 S.Ct. at 2193.

Consequently, if plaintiff has been deprived due process by the delay and can prove damages as a result thereof, he is entitled to recover under 42 U.S.C. § 1983 absent absolute or qualified immunity or other appropriate defenses. *See Rheuark,* 628 F.2d at 304–05.

The case is reversed and remanded to the trial court for further proceedings in connection with plaintiff's claim for damages.