962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gregory FOREST, Appellant,
v.
Sharon J. MORFICK, Freeman Bosley, Jr., Andre Harris, Appellees.
 No. 91-3067.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 6, 1992.
Filed: May 12, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory Forest, a Missouri prisoner, appeals from the district court's[1] order dismissing his 42 U.S.C § 1983 complaint. We affirm.
 
 
 2
 Forest filed a section 1983 complaint against court reporter Sharon Morfick, Deputy Circuit Clerk Andre Harris, and Circuit Clerk Freeman Bosley, Jr., of the Circuit Court for the City of St. Louis. Forest alleged that Morfick's failure to file a complete transcript of his guilty plea hearing within thirty days of the hearing, as required by state law, violated his Fifth, Eighth, Ninth, and Fourteenth Amendment rights. As a result of Morfick's inaction, Forest asserted that he was denied meaningful postconviction review of his plea. He claimed Harris shared responsibility for the constitutional violations because he filed an incomplete transcript, and that Bosley's failure to train and supervise his employees contributed to the violations.
 
 
 3
 Defendants moved to dismiss Forest's complaint, arguing that Forest's allegations did not indicate how defendants' acts injured him; that Morfick was entitled to absolute immunity because she prepared the transcript pursuant to a judge's instructions; and that Harris and Bosley were entitled to qualified immunity because they did not violate clearly established law. The district court dismissed the complaint, concluding that Morfick acted pursuant to the court's directions when she transcribed and filed only a portion of the plea proceeding; thus, she was absolutely immune from an action for damages.[2] See Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988). The court also determined that Bosley and Harris had no legal duty to prepare or obtain a transcript of a guilty plea proceeding. See Formanek v. Arment, 737 F. Supp. 72, 74 (E.D. Mo. 1990). Additionally, the court noted that Forest failed to state how the defendants' conduct injured him since the postconviction court had the complete transcript of Forest's guilty plea hearing before ruling on the motion. On appeal, Forest argues that the district court erred by dismissing his complaint.
 
 
 4
 On appeal from a dismissal for failure to state a claim under Rule 12(b)(6), we review the complaint de novo, accept as true all well-pleaded allegations, and construe the complaint in the light most favorable to the plaintiff. Wells v. Walker, 852 F.2d 368, 369-70 (8th Cir. 1988), cert. denied, 489 U.S. 1012 (1989). "An excessive delay in furnishing a pretrial or trial transcript to be used on appeal or for post-conviction relief can amount to a deprivation of due process." Delancy v. Caldwell, 741 F.2d 1246, 1247 (10th Cir. 1984) (per curiam) (three-year delay in preparation of trial transcript may support section 1983 claim).
 
 
 5
 Any delay which occurred here, however, was not excessive. Forest filed his pro se postconviction motion in January 1990. Upon the request of Forest's counsel, Morfick filed the missing portion of the transcript on June 7, 1990, six months after Forest filed his motion. Moreover, Forest concedes that the court had the complete transcript before ruling on the motion; thus he cannot show prejudice resulting from the delay. Accordingly, the district court correctly dismissed the complaint insofar as it alleges that Morfick's failure to file the complete transcript in a timely manner violated Forest's due process rights. See id. at 1248 (length of delay and prejudice to defendant important factors to consider to determine whether due process violation occurred).
 
 
 6
 Morfick's alleged violation of state law does not give rise to a claim under section 1983. See Schwindling v. Smith, 777 F.2d 431, 433 (8th Cir. 1985). The allegations against Bosley and Harris fail because Forest has not indicated how their acts harmed him, or how they were responsible for Morfick's actions. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Because Forest has not alleged a constitutional violation, we do not consider defendants' immunity arguments. See Siegert v. Gilley, 111 S. Ct. 1789, 1793 (1991).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William L. Hungate, Senior United States District Judge for the Eastern District of Missouri
 
 
 [2]
 There is no affidavit in the record from Morfick or the judge to support this conclusion