982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steve LENNOX, Plaintiff-Appellant,
v.
Robert A. RAVITZ, Lee Ann Peters, and Carolyn L. Merritt,
Defendants-Appellees.
 No. 92-5100.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Steve Lennox brought this action pursuant to 42 U.S.C. § 1983 (1988), alleging that the defendants, all public defenders, violated his constitutional rights when they failed to file his state court criminal appeal promptly. Plaintiff neither named nor served any state or county official. Plaintiff maintains that delay in the Oklahoma state criminal appellate system violated his due process rights, and denied him equal protection of the law because he is indigent. He also argues that the delay violated his right to effective assistance of counsel under the Sixth Amendment.
 
 
 3
 Plaintiff was convicted in Oklahoma state court of robbery and escape from a penitentiary. He was sentenced in October 1990. For reasons that are unclear from the record, the appeal which he requested was not perfected by the Public Defender of Oklahoma County, which was appointed to handle his case. Once the public defender's office was made aware of the error, it filed a post-conviction application for an appeal out of time. The court granted that motion on January 15, 1991, and ordered the public defender to perfect the appeal within six months.
 
 
 4
 On July 12, 1991, a petition in error was filed on behalf of the plaintiff. In September 1991, the public defender requested a ninety-day extension to file an opening brief. An additional ninety days was requested on November 27. This § 1983 action was filed on January 2, 1992. The opening brief in the criminal appeal was filed on January 17, 1992, some fifteen months after sentencing.
 
 
 5
 The complaint contains three claims. Claim one alleges a due process violation arising from the delay in filing the appellate brief. The complaint and the traverse filed in response to the defendants' motion to dismiss also allege prejudicial delay based on the length of time it will take to hear the appeal. Claim two alleges a violation of plaintiff's Sixth Amendment right to effective assistance of counsel. Finally, claim three is an equal protection claim. Plaintiff alleges that his appeal has been delayed as a direct result of his forced reliance on the Oklahoma County Public Defender.
 
 
 6
 In support of his claims, plaintiff attached a form letter he received from the public defender which outlines the appellate process and advises that it will take the court of criminal appeals two to three years to decide his case. It further advises that clients should expect the public defender to request at least one extension of time to file the appellate brief due to a heavy caseload. It appears that the form is sent to every client assigned to the county public defender's office.
 
 
 7
 The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6), reasoning that there was no inordinate delay and, in addition, that the defendants were not acting under color of state law. We review this dismissal de novo, keeping in mind that we must accept all well pleaded allegations as true and construe them in the light most favorable to the plaintiff. See Ayala v. Joy Mfg. Co., 877 F.2d 846, 847 (10th Cir.1989); Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Richards v. Bellmon, 941 F.2d 1015, 1017-18 (10th Cir.1991).
 
 
 8
 Plaintiff's claims raise allegations of constitutional torts under Monell v. Department of Social Services, 436 U.S. 658 (1978). Local governmental bodies, such as Oklahoma County, may be sued directly under § 1983 for monetary, injunctive, or declaratory relief if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690; see also Meade v. Grubbs, 841 F.2d 1512, 1529 (10th Cir.1988) (analyzing a county's liability under Monell ). States, although not considered persons for the purposes of damages actions under § 1983, may be sued by plaintiffs seeking injunctive relief under that section. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989).
 
 
 9
 We turn first to the district court's conclusion that the defendants, as public defenders, are not state actors. A public defender performing his traditional role as counsel is not acting under color of state law for purposes of stating a § 1983 claim. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, to the extent plaintiff's second claim for relief, alleging ineffective assistance of counsel, is based upon deficiencies in the public defenders' efforts as attorneys, it was properly dismissed.
 
 
 10
 It appears, however, that plaintiff may have attempted to raise a Sixth Amendment violation based upon the Oklahoma court's appointment of the public defender's office as counsel for plaintiff. Reading the pro se complaint liberally as we are required to do, we believe that the plaintiff may be arguing that by appointing counsel that is unable, due to caseload constraints, to pursue his appeal, the state denied him the effective assistance of counsel guaranteed by the Constitution. Any such action, however, would lie against parties not named in the complaint. Accordingly, to the extent such a claim was raised, it was properly dismissed by the district court.
 
 
 11
 Plaintiff's first and third claims for relief allege due process and equal protection violations based on the public defenders' overall failure to process his appeal promptly. As previously discussed, because the public defenders were not acting under color of state law, their actions cannot serve as the basis for these claims.
 
 
 12
 Plaintiff may have intended to state a claim against some state or county official based upon custom or policy of those bodies. The custom or policy of the county is manifested in the form letter sent to all indigent clients. "[A] municipality may be held liable in a § 1983 proceeding for acts of its employees which the municipal employer, through its policymaking authority, has officially sanctioned or ordered." Butcher v. City of McAlester, 956 F.2d 973, 977 (10th Cir.1992). This court has recognized the availability of a § 1983 claim based upon unjustifiable delay in the state criminal process. Richards, 941 F.2d at 1018-19; see also Delancy v. Caldwell, 741 F.2d 1246, 1247 (10th Cir.1984) (excessive delay in providing trial transcript can amount to due process deprivation). Four factors must be balanced to determine whether a due process claim is stated. They are the " 'length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' " DeLancy, 741 F.2d at 1248 (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)).
 
 
 13
 We review plaintiff's pro se complaint liberally to determine whether he has stated claims sufficient to withstand a motion to dismiss. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). The complaint alleges a delay of fifteen months from the time of sentencing to the time the opening brief was filed. This court has recognized that even this amount of delay gives rise to "grave concerns in the realm of due process." Prescher v. Crouse, 431 F.2d 209, 211 (10th Cir.1970).
 
 
 14
 The allegations which plaintiff makes in this case are substantially similar to those raised in Harris v. Champion, 938 F.2d 1062 (10th Cir.1991). There, a habeas corpus petitioner sought waiver of the exhaustion requirement based on excessive delays in the Oklahoma criminal appellate process.[2] Id. at 1064. The delays resulted from a severe backlog in the state appellate public defender's office. See id. at 1065. In that case, this court noted that "[t]here are some disturbing indications that the delays experienced by [the] petitioner may be systematic." Id. at 1070. Had plaintiff filed a complaint alleging Harris claims and named and served the proper parties, his complaint could not have been dismissed. We hold, however, that the dismissal of the complaint must be affirmed because the plaintiff failed to name or serve the proper state or county officials.
 
 
 15
 The judgment of the United States District Court for the Northern District of Oklahoma dismissing this complaint is AFFIRMED for the reasons stated herein.
 
 
 16
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [2]
 Plaintiff's pro se complaint in this case, liberally read, also raises issues relevant to a habeas corpus petition. Plaintiff's complaint can be construed as arguing in part that the delays resulting from the backlog in the Oklahoma courts and at the Oklahoma County Public Defender's Office have resulted in confinement in violation of his constitutional rights. To the extent that the complaint raises such an issue, we similarly conclude that it was properly dismissed for failure to name and serve the proper parties