1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carroll Richard OLSON, Plaintiff-Appellant,
v.
Gerald W. HART, Judge, Defendant-Appellee.
 Nos. 92-3306, 92-3376.
 United States Court of Appeals, Tenth Circuit.
 July 27, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Carroll Richard Olson appeals the district court's dismissal of his petition alleging he was denied the right to appeal his state criminal conviction. Olson complained that defendant, Judge Gerald Hart, refused to sign the journal entry of sentencing. In a previous opinion, this court found that Olson stated an arguable claim for relief. Olson v. Hart, 965 F.2d 940 (10th Cir.1992). At our directive, the district court conducted a hearing to determine whether Judge Hart's actions violated Olson's due process rights.
 
 
 3
 Evidence submitted at the hearing shows that Olson was convicted in February, 1990, of issuing a worthless check; he received a suspended sentence and was ordered to submit a plan for probation; he signed the probation plan in June, 1990; the journal entry of sentencing was filed on November 27, 1990; Olson appealed; and the Kansas Court of Appeals affirmed his conviction on August 23, 1991.
 
 
 4
 The district court found that Olson and his attorney were responsible for at least some of the delay between Olson's conviction and the signing of the journal entry. The court concluded that Olson had not been prejudiced in any way by Judge Hart's alleged delay because the journal entry was finally entered, Olson filed a timely appeal, and the Kansas Court of Appeals affirmed Olson's conviction. Rec., doc. 21 at 2-3.
 
 
 5
 Olson filed two notices of appeal from the district court's ruling. He claims that Judge Hart acted with malice and hatred in delaying his appeal. Olson fails to explain, however, how he was prejudiced by Judge Hart's alleged delay. Further, he fails to demonstrate that the district court's factual findings regarding the status of his direct appeal were clearly erroneous.
 
 
 6
 The thrust of his argument on appeal is that the district court learned of the status of his direct appeal through improper ex parte communications with Judge Hart and the Bourbon County district attorney. While the district court may have initially learned of the status of Olson's criminal appeal through ex parte communication, the information was a matter of public record and, thus, subject to judicial notice. See Fed.R.Evid. 201. Furthermore, Olson, himself, verified that the Kansas Court of Appeals entertained his appeal and affirmed his conviction. Under these circumstances, the district court's alleged ex parte communications with Judge Hart and the district attorney have not prejudiced Olson. After thoroughly reviewing the district court's ruling, the transcript of the hearing, and Olson's arguments on appeal, we affirm the district court's dismissal of Olson's complaint. See DeLancy v. Caldwell, 741 F.2d 1246, 1248 (10th Cir.1984) (evaluating claim of unreasonable delay in appellate process in light of four factors, including prejudice to the defendant).
 
 
 7
 We decline to address Olson's final claim on appeal that he deserves a new trial because Judge Hart's bias and prejudice towards him violated his rights to a fair trial. Olson failed to raise this claim in his complaint. Furthermore, he raises this challenge, and a number of other challenges to his conviction, in a separate petition for writ of habeas corpus, which is now pending before the district court. See Olson v. McKune, No. 92-3169 (10th Cir. Apr. 16, 1992) (dismissing appeal from denial of bail pending outcome of Olson's petition for writ of habeas corpus).
 
 
 8
 Olson's motion to proceed in forma pauperis is GRANTED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3