Robert M. **MANOUS** a/k/a **Michael Robert Manous,** Petitioner,

v.

**STATE of Oklahoma, and Oklahoma Appellate Public Defender's System,** Respondents.

No. 0–90–896.

Court of Criminal Appeals of Oklahoma.

Sept. 6, 1990.

---

**ORDER DENYING WRIT OF MANDAMUS**

The Petitioner has filed a Petition for Mandamus requesting this Court to direct · the respondent, the Appellate Public Defender's office, to prepare and file Petitioner's briefs in case Nos. F 89–537 and F 89–384 with no further delays. The appeal was filed in case No. F 89–537 June 2, 1989, four extensions of time have been granted, and Petitioner's brief is currently due to be filed by the 28th day of January, 1991. The appeal was filed in case No. F 89–384 April 27, 1989, five extensions have been granted, and Petitioner's brief is currently due to be filed by the 25th day of March, 1991. Petitioner attached as Exhibit 3 a memorandum to him from the office of the Appellate Public Defender's office dated March 21, 1990, noting that it will be about 2½ or 3½ years before the brief in F 89–537 will be filed due to a backlog of approximately 300 older cases.

This Court is aware of the provisions of Article II, § 6 of the Oklahoma Constitution that states that every person is entitled to a speedy and certain remedy and that justice shall be administered without delay. The State of Oklahoma is not required to afford a right to appellate review of a criminal conviction. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). If the State, in fact, does provide a right to appeal, it must meet the requirements of due process and equal protection covered under the Fifth and Fourteenth Amendments to the U.S. Constitution. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The Tenth Circuit has held in a case concerning post-conviction relief that delay can be a denial of due process. *DeLancy v. Caldwell,* 741 F.2d 1246 (10th Cir.1984).

This Court is aware of the delay relative to the handling of appeals by the Appellate Public Defender's office. It is obvious that the office is understaffed to handle the number of appeals that are presently being handled by the office but due to the lack of funding by the State, the office is apparently doing the best that they can under the circumstances. We are powerless to cure this problem. It can only be cured by the legislature through the use of its budgetary powers. Petitioner is not entitled to have his appeal handled prior to others who

are in similar circumstances and have been delayed even longer. Having reviewed the petition and being sufficiently advised in the premises, this Court finds that the petition should be, and is, DENIED.

IT IS SO ORDERED.

/S/ Ed Parks
ED PARKS
Presiding Judge

/S/ James F. Lane
JAMES F. LANE
Vice Presiding Judge

/S/ Tom Brett
TOM BRETT
Judge

/S/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/S/ Charles A. Johnson
CHARLES A. JOHNSON
Judge