**Robert RICHARDS, Plaintiff–Appellant,**

v.

**Henry BELLMON, Executive Chief of the Oklahoma Legislature and E. Alvin Schay, Chief Appellate Public Defender of Oklahoma, Defendants–Appellees.**

No. 91–6099.

United States Court of Appeals,
Tenth Circuit.

July 19, 1991.

Robert Richards, pro se.

Robert H. Henry, Atty. Gen., and Gay Abston Tudor, Asst. Atty. Gen., State of Okl., Oklahoma City, Okl., for defendants-appellees.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.[*]

BALDOCK, Circuit Judge.

Plaintiff-appellant Robert Richards, a prisoner in the custody of the Oklahoma Department of Corrections, appeals the dismissal of his civil rights action under 42 U.S.C. § 1983. He seeks declaratory and injunctive relief, claiming that the failure of the Oklahoma Legislature to provide sufficient funds for the Oklahoma Appellate Public Defender System deprives him, and others who must rely on the services of the appellate public defender, of due process of law and equal protection. He claims that if he could afford a lawyer, his brief would be filed with the Oklahoma Court of Criminal Appeals within months rather than years. According to the plaintiff, the State's failure to fund the Oklahoma Appellate Public Defender System results in an appellate review process

---

[*] Defendants-appellees notified the court that they would not file a response brief. After examining the brief submitted by plaintiff-appellant and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.-1.2. The case therefore is submitted without oral argument.

which discriminates against him on account of his poverty. I R. doc. 2 at 3a (citing *Williams v. Oklahoma City*, 395 U.S. 458, 459–60, 89 S.Ct. 1818, 1819, 23 L.Ed.2d 440 (1969); *Douglas v. California*, 372 U.S. 353, 356–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963); *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956)). Plaintiff finally claims that the delay violates art. II, § 6 of the Oklahoma Constitution.[1]

Plaintiff was convicted in state court for the unlawful delivery of a narcotic and sentenced on April 18, 1990, to fifty-years imprisonment. A petition in error was filed in the Oklahoma Court of Criminal Appeals on October 17, 1990. Court-appointed appellate counsel received (1) a thirty-day extension to file the original record and transcripts and thereafter, (2) a 360–day extension, until November 13, 1991, to file his opening brief. To date, eight months has elapsed since counsel was to perfect the appeal by filing the original record and transcripts. *See* Okla.Ct.Crim. App.R. 2.1(C) & 3.2. On October 17, 1990, defendant was informed by the Oklahoma Appellate Public Defender System that it had only five full-time lawyers trying to handle all Oklahoma noncapital appeals and that "it may be 3 years or more before your brief can be filed in the Court of Criminal Appeals." I R. doc. 2, ex. 2.

The district court determined that plaintiff lacked article III standing because of an insufficient likelihood of substantial and immediate irreparable injury. I R. doc. 17 at 5. The prediction by the Oklahoma Appellate Public Defender System of a three-or-more-year delay in filing plaintiff's brief was considered "speculative" by the district court, notwithstanding that the Oklahoma Court of Criminal Appeals had noticed such delay. *See Manous v. State*, 797 P.2d 1005 (Okla.Crim.App.1990). The Oklahoma Court of Criminal Appeals briefly discussed the State and federal constitutional implications of the problem, but concluded that it was powerless to effect a cure and it declined to order the appellate public defender to prepare and file briefs without further delay. *Id.* at 1005.

This Court is aware of the delay relative to the handling of appeals by the Appellate Public Defender's office. It is obvious that the office is understaffed to handle the number of appeals that are presently being handled by the office but due to a lack of funding by the State, the office is apparently doing the best that they [sic] can under the circumstances. We are powerless to cure this problem. It can only be cured by the legislature through the use of its budgetary powers. Petitioner is not entitled to have his appeal handled prior to others who are in similar circumstances and have been delayed even longer.

*Id.* at 1005–06. Relying upon the fact that plaintiff is serving a fifty-year sentence and the supposition that "no further delays are anticipated [past the November 1991 extension]" the district court found no injury or prejudice which would confer standing. In the alternative, if the plaintiff had standing, the district court determined that the lack of funding and the backlog of appeals in the Oklahoma Appellate Public Defender System justified some delay, and the delay could not be presumed prejudicial given the length of plaintiff's sentence. Finally, the district court found plaintiff's complaint wanting because he failed to allege "that non-indigent defendants are not granted extensions of time to file their appeals." I R. doc. 17 at 6. According to the district court, plaintiff had merely alleged "that if he could afford to retain counsel his appeal brief might be filed sooner," and that was not enough. *Id.*

■ From a procedural standpoint, the district court utilized an incorrect legal standard in dismissing the complaint. "[A] complaint should not be dismissed for fail-

---

1. Article II, § 6 of the Oklahoma Constitution provides:

   Courts of justice open—Remedies for wrongs—Sale, denial or delay

   The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice. Okla.Stat.Ann. (West 1981).

ure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Here, the district court dismissed the complaint after weighing the evidence concerning delay. Yet the allegations concerning the likelihood of delay must be construed favorably to the plaintiff and accepted as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1684, 40 L.Ed.2d 90 (1974); C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 304 (1990).

The district court also erred in light of supervening authority. The substantive portion of the district court's analysis must be reevaluated in light of *Harris v. Champion,* 938 F.2d 1062, *on reh'g,* 938 F.2d 1071 (10th Cir.1991). In *Harris,* we considered claims of inordinate delay in the Oklahoma appellate system with reference to federally protected rights and remanded the case to the district court (Northern District of Oklahoma) for a hearing on the delay. *Id.* at 1071. We also remanded two habeas cases on appeal from the Western District of Oklahoma for reconsideration in light of *Harris. Id. See also Bunton v. Cowley,* No. 90–6316, unpub. order at 2 (10th Cir. June 17, 1991) [936 F.2d 582 (table)] & *Hacker v. Saffle,* No. 91–6042, unpub. order at 2 (10th Cir. June 17, 1991) [936 F.2d 583 (table)].

■■■ We conclude that this case also should be remanded to the Western District of Oklahoma in light of *Harris* even though plaintiff seeks only declaratory and injunctive relief under § 1983 and *Harris* involved a habeas petition under 28 U.S.C. § 2254. As a general rule, a challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under the habeas statute with its requirement of exhaustion of state remedies.

Preiser v. Rodriguez, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973); 28 U.S.C. § 2254(b). On the other hand, a challenge to the conditions of confinement is cognizable under § 1983, which does not have a similar exhaustion requirement. *Id.* Thus, although § 1983 is not available when a state prisoner seeks a release from or reduction of confinement, it is available when a prisoner seeks (1) to challenge the conditions of his confinement or (2) a declaratory judgment as a predicate to (a) an award of money damages or (b) *prospective* injunctive relief. *Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974); *Preiser,* 411 U.S. at 494, 498–99, 93 S.Ct. at 1838, 1840–41; *Wilwording v. Swenson,* 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971) (per curiam); *Slayton v. Willingham,* 726 F.2d 631, 635 (10th Cir. 1984); *Henderson v. Secretary of Corrections,* 518 F.2d 694, 695 (10th Cir.1975); *Gregory v. Wyse,* 512 F.2d 378, 381 (10th Cir.1975).

■■ Plaintiff's claim is simple and straightforward; he did not ask for release from state custody, and his complaint may properly proceed under § 1983. *See Gerstein v. Pugh,* 420 U.S. 103, 107 n. 6, 95 S.Ct. 854, 859 n. 6, 43 L.Ed.2d 54 (1975). *See also Greenholtz v. Inmates of the Neb. Penal & Correctional Complex,* 442 U.S. 1, 3, 99 S.Ct. 2100, 2102, 60 L.Ed.2d 668 (1979) (§ 1983 due process challenge to parole procedures). He seeks only a prompt determination of his appeal. This is not a case in which plaintiff's selection of § 1983 would undermine the exhaustion requirement of § 2254,[2] and we are reluctant to interfere with plaintiff's tactical choice and impose a requirement that he also must proceed under § 2254.[3] The Second Circuit has recognized the possibility of a subsequent § 1983 suit for damages based upon a constitutional violation associated with an

---

**2.** *See Harper v. Jeffries,* 808 F.2d 281, 285 (3rd Cir.1986); *Parkhurst v. Wyoming,* 641 F.2d 775, 777–78 (10th Cir.1981). *See generally* P. Bator, D. Meltzer, P. Mishkin & D. Shapiro, *The Federal Courts & The Federal System,* 1649–51 (3rd ed. 1988).

**3.** We recognize that plaintiff is proceeding *pro se* and as a nonlawyer is entitled to liberal

construction of his complaint. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). We recently elaborated on this rule:

We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authori-

untimely (and ultimately unsuccessful) appeal. *Simmons v. Reynolds*, 898 F.2d 865, 869 (2d Cir.1990). In this case, plaintiff seeks prospective equitable relief beyond the scope of habeas. *See Harris*, 938 F.2d 1062, 1070 (discussing habeas relief); *Simmons*, 898 F.2d at 868–69 (discussing relief under § 1983 as appropriate under 28 U.S.C. § 2243 in unusual circumstances).

On remand, defendants may answer the complaint and assert any applicable defenses. When considering the proper course on remand, the district court should be mindful of the statements contained in our order on rehearing in *Harris*, 938 F.2d at 1073.

Accordingly, we REVERSE and REMAND this case for proceedings consistent with this opinion.

ty, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (footnote omitted). We carefully have reviewed the pleadings in this matter and nowhere does plaintiff question the constitutionality of his physical confinement based upon the delay in presenting his direct criminal appeal. Such a claim would constitute a challenge to his confinement and habeas would be the exclusive remedy. *Preiser*, 411 U.S. at 489, 93 S.Ct. at 1836. In light of *Manous*, 797 P.2d 1005, and because the record discloses plaintiff's attempted exhaustion by virtue of his delayed direct appeal, we could liberally construe plaintiff's complaint to encompass a claim for relief under § 2254. *See Goodwin v. Oklahoma*, 923 F.2d 156, 158 (10th Cir.1991) (exhaustion); *Smith v. Maschner*, 899 F.2d 940, 951 (10th Cir.1990) (liberal construction). A single complaint may seek relief partly under § 2254 and partly under § 1983. *Wiggins v. New Mexico State Supreme Ct. Clerk*, 664 F.2d 812, 816 (10th Cir.1981), *cert. denied*, 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982); *Parkhurst*, 641 F.2d at 776. *See also Preiser*, 411 U.S. at 499 n. 14, 93 S.Ct. at 1841 n. 14 (habeas and § 1983 claims may be litigated simultaneously). But to construe this complaint as arising under § 1983 *and* § 2254 borders on advocacy and could interfere with a possible tactical choice by the plaintiff. We decline to do so.