48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward Lee CLEMMONS, Petitioner-Appellant,
v.
Gary STOTTS and Attorney General of Kansas, Respondents-Appellees.
 No. 94-3170.
(D.C. No. 93-3338-DES)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1995.
 
 Before SEYMOUR, Chief Judge, and McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument. We grant Mr. Clemmons's request to proceed in forma pauperis so that we may decide this appeal on the merits.
 
 
 2
 Petitioner Edward Lee Clemmons filed this habeas action under 28 U.S.C. 2254. Mr. Clemmons, a prisoner in the custody of the Kansas Department of Corrections, alleges that he was deprived of his constitutional right of access to the courts when certain materials were seized from his cell. Mr. Clemmons also challenges the refusal of the Kansas Supreme Court to conduct an evidentiary hearing regarding a habeas petition that he filed with that court.
 
 
 3
 After issuing a show cause order and receiving Mr. Clemmons's response, the district court dismissed Mr. Clemmons's petition because his claims are not properly redressable through habeas corpus relief. We conclude that the district court did not err. As the district court noted, Mr. Clemmons's allegations concerning the seizure of his legal materials address the conditions of his confinement rather than the fact of conviction or the duration of confinement. These allegations are therefore properly litigated in a Section 1983 action rather than in habeas. See Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir.1991). Mr. Clemmons has filed a Section 1983 action that raises this claim. See Clemmons v. Davies, No. 93-3037-DES (D. Kan.). The district court granted summary judgment for the defendants in that proceeding, and Mr. Clemmons has appealed that ruling to this Court. See Clemmons v. Davies, No. 94-3268 (10th Cir.). In addition, Mr. Clemmons has not offered sufficient evidence to support his contention that the Kansas Supreme Court erred in refusing to grant an evidentiary hearing.
 
 
 4
 Accordingly, the district court's dismissal of Mr. Clemmons's habeas petition is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)