UNITED STATES COURT OF APPEALS
**Filed 5/22/96**
FOR THE TENTH CIRCUIT

THOMAS ANDREW BIAS,

      Plaintiff-Appellant,

v.

MARJORIE M. REDBIRD; RAY PAGE;
CAROLYN CRUMP; MARZEE
DOUGLAS; CARL B. HAMM,

      Defendants-Appellees.

No. 95-6358
(D.C. No. CIV-95-340-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Thomas A. Bias, appearing pro se, appeals from the district court's order granting summary judgment to defendants on his claim brought under 42 U.S.C. § 1983. Mr. Bias claims defendants, who are members of the Oklahoma Pardon and Parole Board (Board), violated the Ex Post Facto Clause of the United States Constitution when they changed the policy for how often he would be considered for parole.

Mr. Bias was convicted of the 1974 murder of an elderly widow, for which he received a sentence to life imprisonment. Bias v. State, 561 P.2d 523 (Okla. Crim. App.), cert. denied, 434 U.S. 940 (1977). Pursuant to the Board's policy effective April 1, 1980, Mr. Bias was eligible for parole consideration annually. In 1991, the Board adopted a policy that permitted it to delay reconsideration of parole for five years. The Board set Mr. Bias' next parole consideration date for five years after the most recent decision to deny him parole. He claims the 1980 policy requires him to be considered every year, and the new policy violates the Ex Post Facto Clause.

Construing pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we review de novo the district court's entry of summary judgment, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c), Hayes v. Marriott, 70 F.3d 1144, 1146 (10th Cir. 1995). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law,"

2

Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991), but "we must view the record in a light most favorable to the part[y] opposing the motion for summary judgment," Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

We assume, without deciding, "for purposes of this [case] that the Ex Post Facto Clause applies to parole in the manner it does to trial and sentence." Portley v. Grossman, 444 U.S. 1311, 1312 (Rehnquist, Circuit Justice 1980). The Ex Post Facto Clause, Article I, § 10 of the Constitution, "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" California Dep't of Corrections v. Morales, 115 S. Ct. 1597, 1601 (1995)(quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990)). Mr. Bias relies on the 1980 parole policy for his claim that he was entitled to be considered for parole annually. The parole eligibility policy in effect at the time of his crime in 1974, however, did not provide for annual parole consideration. R. doc. 14, exhibit 1; see also Shirley v. Chestnut, 603 F.2d 805, 806 (10th Cir. 1979)(indicating that during general time frame at issue in the instant case, inmates could appear annually before Correctional Review Committee to request docketing for Parole Board hearing but had no right to be placed on Parole Board docket); Phillips v. Williams, 608 P.2d 1131, 1134-35 (Okla.)(same), cert. denied, 449 U.S. 860 (1980).

The 1980 parole policy cannot provide a basis for Mr. Bias' claim that the 1991 change in policy adversely affected his rights to parole consideration, because the 1980 policy was not in effect at the time of his crime. The Ex Post Facto Clause is not implicated

here. Moreover, the 1991 change in parole policy "had no effect on the standards for fixing [Mr. Bias'] initial date of 'eligibility' for parole, or for determining his 'suitability' for parole and setting his release date." California Dep't of Corrections, 115 S. Ct. at 1602 (citation omitted). Therefore, summary judgment in favor of defendants was appropriate.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Nathaniel R. Jones
Senior Circuit Judge