UNITED STATES COURT OF APPEALS
**Filed 6/28/96**
FOR THE TENTH CIRCUIT

MONSI L'GGRKE

Plaintiff-Appellant,

v.

TULSA MUNICIPAL COURT; THE
CITY OF TULSA, OKLAHOMA;
TULSA POLICE DEPARTMENT;
TULSA COUNTY SHERIFF
DEPARTMENT,

Defendants-Appellees.

No. 95-5218
(D.C. No. 95-C-801-B
(N.D. Okla.)

MONSI L'GGRKE,

Plaintiff-Appellant,

v.

TULSA MUNICIPAL COURT; THE
CITY OF TULSA, OKLAHOMA;
TULSA POLICE DEPARTMENT;
TULSA COUNTY SHERIFF
DEPARTMENT; BRADFORD E.
POWERS, Judge, individually and in his
official capacity; TULSA COUNTY
BOARD OF COMMISSIONERS,
OKLAHOMA; HENRY CRAIG,
individually and in his personal capacity;
JACK A. SEALS, individually and in his

No. 95-5251
(D.C. No. 94-C-1004-H)
(N.D. Okla.)

personal capacity; STANLEY GLANZ,
individually and in his personal capacity;
BEIRD J. DINGLER,

Defendants-Appellees.

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

These companion appeals arise out of two 42 U.S.C. § 1983 civil rights actions filed by plaintiff Monsi L'Ggrke against numerous judicial and law enforcement entities and officials of Tulsa, Oklahoma. In his complaints, plaintiff claimed that he was illegally incarcerated in "debtor's prison" for failure to pay the fines and costs assessed following his conviction on nine misdemeanor charges in Tulsa municipal court. In No. 95-5218, the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court dismissed plaintiff's complaint with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(d). In No. 95-5251, the court adopted the report and recommendation of the magistrate judge granting defendants' motions to dismiss. Plaintiff timely appealed both orders.

## No. 95-5251

In No. 95-5251, the magistrate judge determined that Judge Powers was absolutely immune from suit for civil damages arising from actions taken within the scope of his judicial jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-13 (1991)(per curiam); Hunt v. Bennett, 17 F.3d 1263, 1266-67 (10th Cir.), cert. denied, 115 S. Ct. 107 (1994). The court granted the individual defendants' motions to dismiss as government officials shielded by the doctrine of qualified immunity. See Seamons v. Snow, 84 F.3d 1226, 1996 WL 233483, at *11 (10th Cir. 1996)(qualified immunity shields government officials from civil damages, providing their conduct was not in violation of clearly established law of which a reasonable person would have been aware). The court granted the motion to dismiss as to the City of Tulsa, finding that the actions of the defendants did not emanate from a municipal policy or custom, and therefore, no liability attaches to the municipality under § 1983. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993). Lastly, the court denied plaintiff's motion for a preliminary injunction based on its determination that, in light of its decision on plaintiff's complaint, plaintiff had no likelihood of success on the merits. See Walmer v. United States Dep't of Defense, 52 F.3d 851, 854

(10th Cir.)(setting forth requirements for showing of entitlement to preliminary injunction), cert. denied, 116 S. Ct. 474 (1995).

We conclude that plaintiff has made no meritorious argument on the law or facts in support of the issues raised on appeal. Because the magistrate judge's report and recommendation is thorough and well-supported, we cannot add significantly to the analysis. Therefore, we affirm the district court's dismissal for substantially the reasons stated in the May 31, 1995 report and recommendation of the magistrate judge adopted by the district court in its order of October 17, 1995.

## No. 95-5218

In plaintiff's second civil rights action, he added defendants and incorporated by reference his complaint in the initial action. Thus, the claims raised in this action were the same as those raised in No. 95-5251. In dismissing this complaint, the district court held that plaintiff could not attack the fact of his state conviction by way of a civil rights action, but must raise his arguments in a petition for writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir. 1991)(generally a challenge to the fact or duration of incarceration is cognizable only by way of petition for writ of habeas corpus after exhaustion of state remedies). Therefore, construing plaintiff's complaint liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the district court sua sponte dismissed his complaint without prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(d), see Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir.

4

1995)("A district court may deem an in forma pauperis complaint frivolous only if 'it lacks an arguable basis either in law or in fact.'")(quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)).

We review the determination of frivolousness under § 1915(d) for an abuse of discretion. <u>Id.</u> We have reviewed plaintiff's complaint and the record on appeal. Plaintiff's arguments on appeal fail to challenge the district court's decision with any degree of specificity. The gravamen of plaintiff's complaint was an attack on his criminal conviction and the legality of his incarceration. Consequently, as determined by the district court, his recourse was by way of a petition for writ of habeas corpus, after exhausting his state court remedies. <u>See</u> <u>Richards</u>, 941 F.2d at 1018. Therefore, we conclude that plaintiff's complaint was "'based on an indisputably meritless legal theory,'" <u>Fratus</u>, 49 F.3d at 674 (quoting <u>Neitzke</u>, 490 U.S. at 327), and the district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous.[1]

---

[1] All other issues which may be construed from plaintiff's opening brief which were not raised before the district court are deemed waived and will not be considered on appeal. <u>See</u> <u>Walker v. Mather (In re Walker)</u>, 959 F.2d 894, 896 (10th Cir. 1992). The new issues raised by plaintiff for the first time in his reply brief are also deemed waived. <u>See</u> <u>State Farm Fire & Casualty Co. v. Mhoon</u>, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

The judgments of the United States District Court for the Northern District of Oklahoma in Nos. 95-5218 and 95-5251 are AFFIRMED. All other outstanding motions filed by plaintiff in these appeals are DENIED.

The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge