**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

JORGE M. HERRERA,

      Petitioner-Appellant,

v.

FRANK KEATING, Governor;
ANITA BRIDGES, Parole Board
Member; SUSAN B. LOVING, Parole
Board Member; NADINE
MCPHEARSON; RAY H. PAGE; C.
MICHAEL ZACHARIAS; LARRY
FIELDS, DOC Director; MARZEE
DOUGLAS; DREW EDMONDSON,

      Respondents-Appellees.

Case No. 97-6078

(D.C. 96-728-R)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has unanimously

determined that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

    [*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant Jorge Herrera, appearing pro se and proceeding in forma pauperis, is an inmate incarcerated in Texas pursuant to an agreement with the Oklahoma Department of Corrections. He appeals the district court's denial of his 28 U.S.C. § 2254 petition and application for a certificate of appealability. Both the district judge and the magistrate judge, each in a thorough and well-reasoned manner, noted that insofar as Mr. Herrera's claims could be construed as an action under § 1983, they should be dismissed as frivolous pursuant to 28 U.S.C. § 1915. For the reasons stated herein, we affirm.

## I. DISCUSSION

Mr. Herrera contends on appeal that (1) the Oklahoma Pardon and Parole Board's 1991 adoption of a five-year deferral of an inmate's consideration for parole is an ex post facto law that violates Article I, § 10, of the United States Constitution; (2) he is entitled to an evidentiary hearing because the district court improperly engaged in weighing the disputed facts; and (3) the magistrate judge erred in denying his request for appointment of counsel.

In his petition, Mr. Herrera alleges in part that the decision to deny him parole was in retaliation for lawsuits he had filed against several parole officers. He prays for redress of his alleged constitutional violations and for the

2

appointment of counsel.

On appeal Mr. Herrera claims that the retaliatory motive also prompted the decision to defer his parole consideration for five years.  As Mr. Herrera has exhausted his state remedies on these claims, the district court was correct in allowing Mr. Herrera to proceed under § 2254, insofar as he claims he was unconstitutionally denied parole, because a "judgment in favor of [Mr. Herrera] would necessarily imply the invalidity of his conviction and sentence."  Heck v. Humphrey, 512 U.S. 477, 487 (1994); see California Dep't of Corrections v. Morales, 514 U.S. 499, 504-05 (1995) (addressing habeas corpus challenge to deferred parole hearings where petitioner alleged in part that the postponement of parole consideration under amended procedures may delay the grant of parole and result in an Ex Post Facto Clause violation).

The district court was also correct to construe Mr. Herrera's complaint liberally as an action seeking relief under § 1983, insofar as it seeks to correct allegedly constitutionally defective parole procedures  See Richards v. Bellmon, 941 F.2d 1015, 1018 n. 3 (10th Cir. 1991) ("A single complaint may seek relief partly under § 2254 and partly under § 1983."); see also Preiser v. Rodriguez, 411 U.S. 475, 499 n.14 (1973) (holding that habeas and § 1983 claims may be litigated simultaneously).  As such, we also liberally construe his complaint as seeking relief under both § 2254 and § 1983.  See Haines v. Kerner, 404 U.S. 519,

3

520-21 (1972) (per curiam); see also Raymer v. Enright, 113 F.2d 172 (10th Cir. 1997) (addressing § 1983 Ex Post Facto Clause challenge to Colorado's statutes' decreased frequency of parole suitability hearing).

"We review de novo the district court's legal conclusions in dismissing a petition for a writ of habeas corpus." Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996), cert. denied, 117 S. Ct. 828 (1997). We review the district court's factual findings for clear error. See id.

We review the § 1915 dismissal of Mr. Herrera's § 1983 claims for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). We also may consider whether the plaintiff was proceeding pro se, whether the district court inappropriately resolved genuine issues of material fact, whether the district court applied erroneous legal conclusions, whether the district court sufficiently explained its dismissal, and whether the dismissal was with or without prejudice. Id. at 34. We turn now to Mr. Herrera's contentions.

A. Ex Post Facto Violation

Mr. Herrera was sentenced on May 28, 1987 to two concurrent 60-year sentences for distribution of heroin. The Oklahoma Pardon and Parole Board considered and denied him parole in 1990, 1991, 1992, and 1993. After his 1993 denial, his consideration for parole was deferred for five years, pursuant to a 1991

4

policy allowing such deferrals. See Okla. Stat. tit. 57, § 332.7(A) (Supp. 1994) ("The Pardon and Parole Board shall adopt policies and procedures governing parole consideration for such persons.").

Mr. Herrera alleges that this five-year deferral violates the Ex Post Facto Clause. "To fall within the ex post facto prohibition, a law must be retrospective--that is 'it must apply to events occurring before its enactment'--and it 'must disadvantage the offender affected by it[,]' by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 117 S. Ct. 891, 896 (1997) (internal citations omitted) (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)).

Mr. Herrera alleges that the parole policy in effect in 1987 entitled him to parole consideration every twelve months after his initial consideration, and as such, the new policy increases his punishment. "The [new policy] has no effect on the date of any prisoner's initial parole suitability hearing; it affects the timing only of subsequent hearings." Morales, 514 U.S. at 511. "Rather than changing the sentencing range applicable to covered crimes, the [Oklahoma Pardon and Parole Board's 1991 policy] simply 'alters the method to be followed' in fixing a parole release date under the identical substantive standards." Id., at 507-08 (quoting Miller v. Florida, 482 U.S. 423, 433 (1987)). See also Bias v. Redbird, No. 95-6358, 1996 WL 270964, at *1 (May 22, 1996) (noting that "the 1991

5

change in [Oklahoma's] parole policy 'had no effect' on the standards for fixing [petitioner's] initial date of 'eligibility' for parole, or for determining his 'suitability' for parole and setting his release date") (internal citations omitted) (quoting Morales, 514 U.S. at 507)).

Also unchanged is the discretion retained by the Pardon and Parole Board in making its recommendations for parole to the Governor. Compare Okla. Stat. Ann. tit. 57, § 332.8 (Supp. 1994) with Okla. Stat. Ann. tit. 57, § 332.8 (1991). See also Morales, 514 U.S. at 513 ("[T]he . . . legislation at issue creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes."). Finally, Mr. Herrera makes no attempt to distinguish the revised Oklahoma policy from the amended statute at issue in Morales, and the record is devoid of any evidence that would support such a claim. As such, Mr. Herrera has not demonstrated that there is a "sufficient risk" that the measure of his punishment has changed. Id. at 509. Accordingly, there is no implication of the Ex Post Facto Clause here.[1]

---

[1] In his Statement of Facts, Mr. Herrera lists the following as "facts . . . presented for review:" Whether the five-year deferral violated his right to equal protection; whether it was applied in an arbitrary and capricious manner; whether it was ordered in retaliation for his litigious nature, specifically involving suits against Pardon and Parole Board members, and for his assistance to other inmates in litigations against Pardon and Parole Board members. See Aplt's Br. at 6. Liberally construing Mr. Herrera's pro se petition, see Haines, 404 U.S. at 520-21, we shall briefly address these issues.

First, Mr. Herrera makes no assertion that the board imposed a five-year deferral that was not reasonably related to some legitimate penological purpose. See Templeman

6

B. Evidentiary Hearing

Mr. Herrera alleges that the district court engaged in erroneous weighing of disputed facts when it determined that the five-year deferral posed no constitutional problems, and that he is entitled to an evidentiary hearing on this issue. For the reasons asserted above, the deferred parole consideration poses no constitutional problems, which obviates Mr. Herrera's claim for an evidentiary hearing. See Morales, 513 U.S. at 511; Bias, 1996 WL 270964, at *2.

C. Appointment of Counsel

Mr. Herrera filed a motion for the appointment of counsel that the magistrate judge denied, and that the district court did not expressly address. Mr. Herrera claims the complexity of this case warrants appointment of counsel. There is no factual complexity here, and Mr. Herrera "has demonstrated an ability to pursue relevant issues with appropriate pleadings and citations to authorities."

_____

v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994). Second, there is no indication there was an abuse of discretion when the board denied and deferred Mr. Herrera's parole consideration in 1993. See Rec. doc. 21, at 3 (Magis.'s Findings and Recommendations, dated July 31, 1996) (noting that Mr. Herrera's parole consideration deferral was "only made after a hearing and a vote by the majority of the Parole Board members, and thus the decisions have no indicia of arbitrariness"). Finally, we agree with the district court that "in light of th[e] record, and without pleading any other facts, [Mr. Herrera] has clearly failed to show that the Parole Board's adverse decision was retaliatory." Rec. doc. 25, at 7 (Dist. Ct. Order, filed Feb. 12, 1997). There is no abuse of discretion here.

7

Rec. doc. 11, at 2 (Magis.'s Order, dated June 19, 1996) (citing <u>Rux v. Boergermann</u>, 57 F.3d 978 (10th Cir. 1995)). The magistrate judge did not err when he refused to appoint counsel. <u>See</u> <u>Blankenship v. Meachum</u>, 840 F.2d 741, 743 (10th Cir. 1988) (per curiam).

## II. CONCLUSION

We agree with the district court that Mr. Herrera has not "made a substantial showing of the denial of a constitutional right" required under 28 U.S.C. § 2253(c)(2). We affirm the district court's denial of a certificate of appealability and dismiss the appeal. We also dismiss Mr. Herrera's § 1983 claims. Although we dismiss his § 1983 claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), rather than as frivolous under § 1915(e)(2)(B)(i), we agree with the district court that the dismissal counts for purposes of tallying "prior occasions" under 28 U.S.C. § 1915(g). The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge