F I L E D
United States Court of Appeals
Tenth Circuit

JAN 30 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KENNETH E. SHAW,

      Plaintiff-Appellant,

v.

CHUCK SIMMONS; KANSAS
DEPARTMENT OF CORRECTIONS;
KANSAS PAROLE BOARD,

      Defendants-Appellees.

No. 97-3113
(D.C. No. 96-3235-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Appellant, a prisoner in custody in the Kansas state system, appears pro se

and in forma pauperis, and appeals the district court's dismissal, without

prejudice, of his civil rights complaint.[1]  Shaw claims that the Kansas Department

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined

(continued...)

of Corrections incorrectly computed his prison sentence and enhanced his parole eligibility date.  His complaint is entitled as a 42 U.S.C. § 1983 action and he seeks monetary damages; however, his complaint also requests the court to allow his complaint to be filed as a habeas corpus petition on the same issues. See Richards v. Bellmon, 941 F.2d 1015, 1018 n. 3 (10th Cir. 1991) ("A single complaint may seek relief partly under 28 U.S.C. § 2254 and partly under § 1983.").  Shaw was in custody at the time he filed his complaint; however, during the pendency of this appeal, his sentence expired and he is no longer in prison.[2]

We agree with the district court's conclusion that Shaw essentially sought relief which challenges "the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Therefore, we agree with the district court that habeas corpus is Shaw's exclusive remedy, id.; and that Shaw would not be entitled to any monetary relief until such time as it was determined he had been unconstitutionally confined, id. at 486.

---

[1](...continued)
unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

[2]     Shaw satisfied § 2254's "in custody" requirement at the time he filed his action, and it was not defeated by his release prior to completion of the proceedings.  See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

We also agree with the district court's conclusion, that, to the extent Shaw also sought habeas corpus relief, he failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b) and (c) and Rose v. Lundy, 455 U.S. 509, 515 (1982). The record demonstrates that Shaw raised his sentencing issue before the Kansas Court of Appeals, which remanded to the sentencing court for further action. See Shaw v. Nelson, No. 73,357 (Kan. Ct. App. Oct. 27, 1995) (unpublished memorandum opinion). The sentencing court clarified Shaw's sentence by order dated March 14, 1996. There is no evidence in the record that Shaw appealed the sentencing court's 1996 order. Shaw's failure to perfect an appeal is a procedural default which cannot be challenged under federal habeas except under a cause and prejudice standard or fundamental miscarriage of justice, see Coleman v. Thompson, 501 U.S. 722, 750 (1991), neither of which is alleged or shown here.

The judgment is AFFIRMED for substantially the reasons set forth in the district court's order dated April 18, 1997. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-3-