**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**July 27, 2007**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

OLOYEA D. WALLIN,

        Plaintiff-Appellant,

v.

ARAPAHOE COUNTY DETENTION
FACILITY; MR. ROBINSON;
MR. LAUDERDALE; MR. WALLER;
MR. COOK; MANOS; S. CLARK;
FENDER; ARAMARK
CORPORATION; PAM; MS. ROSIE;
MARY; SEAN; MOE; WHEELER;
ARAPAHOE COUNTY
COMMISSIONERS; COLORADO
DEPARTMENT OF CORRECTIONS;
JEANNE MILLER; MAX WINKLER;
COLORADO BOARD OF PAROLE;
ALLEN STANLEY,

        Defendants-Appellees.

No. 06-1373
(D.C. No. 06-cv-706-ZLW)
(D. Colo.)

---

OLOYEA D. WALLIN,

        Plaintiff-Appellant,

v.

JANENE McCABE;
SEAN McDERMOTT,

        Defendants-Appellees.

No. 06-1376
(D.C. No. 06-cv-1322-ZLW)
(D. Colo.)

OLOYEA D. WALLIN,

     Plaintiff-Appellant,

v.

DENVER DEPARTMENT OF
HUMAN SERVICES; DIRECTOR OF
DENVER DEPARTMENT OF
HUMAN SERVICES; COLORADO
DIVISION OF CHILD SUPPORT
ENFORCEMENT; DIRECTOR OF
COLORADO DIVISION OF CHILD
SUPPORT ENFORCEMENT;
RHONDA MAYS; LARA DELKA;
DANA WAKEFIELD,

     Defendants-Appellees.

No. 06-1416
(D.C. No. 06-cv-1516-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Oloyea Wallin, appearing pro se as he did in the district court, appeals from

the dismissals of three separate cases he filed under 28 U.S.C. § 1983 while

incarcerated at the Arkansas Valley Correctional Center in the custody of the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Colorado Department of Corrections (CDOC). We have combined the matters for disposition. Exercising jurisdiction under 28 U.S.C. § 1291 and liberally reading Mr. Wallin's pro se pleadings and other papers, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we affirm the district court's judgment in No. 06-1373, and we dismiss Nos. 06-1376 and 06-1416 as frivolous. Accordingly, we grant Mr. Wallin *in forma pauperis* status (IFP) in No. 06-1373, deny IFP status in the other two appeals, and declare two strikes for purposes of 28 U.S.C. § 1915(g).

Appeal No. 06-1373

In No. 06-1373, Mr. Wallin appeals from the district court's dismissal without prejudice of his § 1983 complaint and action for failure to comply with the court's order to cure certain deficiencies in his filings. On April 4, 2006, Mr. Wallin filed a motion and affidavit for leave to proceed under 28 U.S.C. § 1915 (IFP motion). He also tendered a motion seeking a 120-day extension of time to file his complaint because he did not have access to documents relevant to his case, some of which were missing and some of which he was forced to send to his family upon his incarceration with the CDOC. He stated that his deadline to file a complaint was April 11, 2006, apparently due to potential statute-of-limitations problems, and that the motion for an extension of time would preserve his claims.

On April 14, 2006, a magistrate judge directed the district court clerk to commence a civil action and ordered Mr. Wallin to correct two deficiencies by submitting, within thirty days, a certified copy of his inmate trust fund statement and a complaint. The clerk commenced the action on that same date and also filed the motion for an extension of time that Mr. Wallin had tendered. Finding no justification for a 120-day extension to file a complaint, the magistrate judge denied the motion in a May 23 minute order, but he gave Mr. Wallin thirty days from the date of that order to comply with his April 14 order, specifically warning Mr. Wallin that failure to comply would lead to the dismissal of his complaint and action without further notice.

The next documents Mr. Wallin submitted were filed on July 3, 2006: (1) a complaint; (2) an IFP motion that contains a copy of Mr. Wallin's inmate trust fund statement, which appears to be certified; (3) a motion to file the complaint and IFP motion late; and (4) a motion to stay the proceedings for 180 days. The complaint concerned defendants' treatment of Mr. Wallin when he was detained at the Arapahoe County Detention Facility in Centennial, Colorado, which apparently began in August 2003, prior to his CDOC detention, and extended until sometime in 2004. In his motion to excuse his late filings, he argued that he had an appointment to use the prison law library on June 23 to complete the complaint and IFP motion and make the required number of copies but was prohibited from using the library because he had no excuse for his failure to

-4-

arrive at the beginning of the allotted time period. He claimed he finally was able to access the prison law library on June 28 and mailed the documents on that date. The basis for the requested 180-day stay was to permit his family to sort through his legal materials and send him the documents relevant to his claims.

The district court dismissed the complaint and action without prejudice and denied the motions. The court reasoned that Mr. Wallin had known of the deficiencies the magistrate judge ordered him to cure since the middle of April 2006 but had not been diligent in completing the documents and making copies, which the court found he could have accomplished by hand rather than awaiting the chance to use a photocopier. The court also found that because Mr. Wallin had been able to prepare and submit filings on June 21, 2006, in another case in district court, he should have been able to prepare and submit the required filings in this case by the June 23 deadline set by the magistrate judge. In denying his stay motion, the court found that Mr. Wallin had been incarcerated with the CDOC for over two years, giving him plenty of time to have his family go through his papers and send those relevant to claims concerning his prior detention at the Arapahoe County Detention Facility. Mr. Wallin appealed.

"We review for abuse of discretion a district court's dismissal for failure to comply with a court order." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in

the evidence for its ruling." *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1299 (10th Cir. 2006) (quotation omitted).

On appeal, Mr. Wallin repeats that he was not permitted to use the law library as scheduled in order to prepare and make copies of the documents he was required to file. He also argues that it was unreasonable for the district court to find that he could have completed the fourteen-page complaint by hand because he was required to submit twenty-one service copies. These arguments miss the larger point driving the district court's reasoning, that Mr. Wallin had known since mid-April that he needed to cure his deficiencies but he waited until the last minute to complete the documents despite his ability to prepare and file documents in another case. Thus, there was a rational basis in the evidence for the district court's ruling that Mr. Wallin's inability to access the law library on June 23, the day his documents were due, did not constitute good cause or excusable neglect.[1] Accordingly, we AFFIRM the district court's judgment in No. 06-1373 and grant Mr. Wallin's IFP motion.

---

[1] On appeal, Mr. Wallin argues that the date he was to access the law library was June 22, not June 23, and the response to his prison grievance, which he has attached to his brief, indicates that this may well be the case. This one-day difference might be relevant insofar as the thirty-day deadline the magistrate judge gave in his May 23 order appears to be June 22, not June 23 as Mr. Wallin maintained in the district court and as the district court stated in its dismissal order. But it does not change the fact that Mr. Wallin waited until the last day to finish preparing his documents and make copies for filing. Nor does it affect our conclusion that the district court did not abuse its discretion in dismissing his complaint and action without prejudice.

In No. 06-1376, Mr. Wallin appeals from the district court's *sua sponte* dismissal without prejudice of his § 1983 complaint and action. Mr. Wallin asserted three claims for violations of the United States Constitution based on allegations that two public defenders rendered ineffective assistance of counsel when they represented him in a criminal proceeding in state court. He also moved the court to stay the action until his state-court appeal from his criminal conviction was final.

The district court dismissed the complaint and action without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Because a judgment for damages in his favor on his ineffective assistance claims necessarily would imply the invalidity of Mr. Wallin's criminal conviction or sentence, the district court explained that under *Heck*, his § 1983 cause of action would not arise until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. The court also pointed out that to the extent Mr. Wallin sought declaratory relief, his sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); 28 U.S.C. § 2254(b)(1). The district court denied Mr. Wallin's stay motion and his post-judgment motion for reconsideration, which the court treated as filed under Fed. R. Civ. P. 60(b).

On appeal, Mr. Wallin agrees with the district court's application of *Heck* but argues that the court should have stayed the case pending the outcome of his direct criminal appeal because the statute of limitations on his state-law legal malpractice claim was about to expire. Having reviewed the district court's denial of the stay motion for abuse of discretion, *see Reed v. Bennett*, 312 F.3d 1190, 1193 n.1 (10th Cir. 2002), we find no merit in Mr. Wallin's argument.

As the district court explained in its order denying Mr. Wallin's Rule 60(b) motion, a legal malpractice claim is a state-law tort claim, not a § 1983 claim. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Contrary to his assertion, Mr. Wallin did not plead a legal malpractice claim under Colorado law; even construing his complaint liberally and bearing in mind the liberal pleading standards of Fed. R. Civ. P. 8(a)(2), he asserted only constitutional claims. Rather, if his intent was to file a legal malpractice claim against the defendants rather than the constitutional claims he did assert, he should have, in the absence of diversity jurisdiction, filed that claim in an action in state court and, if necessary, sought a stay of that action. *See Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994) (explaining that a plaintiff "may be able to state a malpractice claim under [state] law, but that claim does not constitute a federal case"); *Morrison v. Goff*, 91 P.3d 1050, 1058

(Colo. 2004) (holding that a criminal defendant must file a malpractice action within two years of discovering an attorney's negligence and may obtain a stay of that action pending resolution of the criminal case if necessary to avoid dismissal or jeopardizing defendant's rights).[2]

Because Mr. Wallin has not advanced "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted), we DISMISS No. 06-1376 as frivolous and deny his IFP motion. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (explaining that an appeal is frivolous if "it lacks an arguable basis in either law or fact"). Consequently, immediate payment of the unpaid balance of the appellate filing fee is due in this appeal, and we declare a strike for purposes of 28 U.S.C. § 1915(g).

## Appeal No. 06-1416

In No. 06-1416, Mr. Wallin appeals from the district court's order dismissing his complaint and action *sua sponte* for lack of subject matter

---

[2]    Mr. Wallin did not assert diversity as an alternate jurisdictional basis over any state-law legal malpractice claim that might be read into his complaint, and in any event it appears from the record that all parties are citizens of Colorado. Even if he had asserted a state-law malpractice claim, or one could be read into his complaint, it would not have been an abuse of discretion for the district court to decline to exercise supplemental jurisdiction over that claim in view of the court's dismissal of Mr. Wallin's § 1983 claims under *Heck*. *See* 28 U.S.C. § 1367 (establishing supplemental jurisdiction).

jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and as barred by the applicable statute of limitations. The allegations in his complaint, filed August 3, 2006, are somewhat unclear, but it appears that one of the defendants, the Colorado Division of Child Support Enforcement (CSE), obtained a default judgment in the Denver Juvenile Court on June 19, 2000, as to child-support orders it had entered against him. Mr. Wallin alleged that he was never notified of the CSE proceedings or served with process in the judicial action leading to the default judgment. He further alleged that, upon becoming aware of the judgment, he sought to have the CSE review the amount of his child-support liability. After review, the CSE amended the total owed to include interest and the unpaid monthly amounts, resulting in a new total in excess of $9,000 as of September 2002.

Based on these allegations, Mr. Wallin asserted five claims under federal and state law, seeking compensatory and punitive damages, and declaratory relief as to all claims. The claims clearly took issue with the lack of service relating to the June 2000 default judgment as well as the administrative procedures used in calculating the amount of his child support payments, which he contended violated his rights under Colorado law and Title IV-D of the Social Security Act.[3]

---

[3] Title IV-D of the Social Security Act, 42 U.S.C. §§ 651 to 669b, establishes requirements with which participating state-run, child-support-enforcement programs must comply in order to receive federal funding. *See Blessing v. Freestone*, 520 U.S. 329, 333-35 (1997).

Somewhat less clear is whether Mr. Wallin challenged the June 2000 default judgment itself. Although he contends on appeal that he did not, the district court interpreted the complaint as seeking vacatur of that default judgment and ruled that under the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction to review and reverse that judgment or to address Mr. Wallin's other claims, which the court found were inextricably intertwined with the judgment. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). The court also noted that the relevant statute of limitations had expired on any challenge to the administrative procedures used in calculating his child support payments. Mr. Wallin appealed. Our review is de novo. *See Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006) (subject matter jurisdiction); *Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998) (statute of limitations). As we explain, Mr. Wallin's contentions of error have no merit.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine precludes jurisdiction over claims that not only directly challenge a state-court judgment but also those that are inextricably intertwined with it. *See*

*Guttman*, 446 F.3d at 1031. But the timing of the filing of the federal case is critical—*Exxon Mobil* reversed our prior rule that *Rooker-Feldman* applied to all state-court judgments, final or otherwise, and confined the doctrine "to suits filed after state proceedings are final." *Id.* at 1032.

One situation in which state proceedings are considered "final" for *Rooker-Feldman* purposes occurs when a party allows the time for appeal from a lower state-court judgment to lapse. *Bear v. Patton*, 451 F.3d 639, 642 (2006). This is the case here. Any opportunity Mr. Wallin may have had to take an appeal from the June 2000 default judgment of the Denver Juvenile Court passed well before he filed his complaint in this action in August 2006. *See* Colo. Rev. Stat. § 13-4-102(1) (providing that the Colorado Court of Appeals has jurisdiction over appeals from final judgments of the Denver Juvenile Court); Colo. R. App. P. 4(a) (providing that generally, an appeal as of right to the appellate court must be filed within forty-five days of the date of the entry of the judgment). Thus, the default judgment is final for *Rooker-Feldman* purposes, and to the extent Mr. Wallin was challenging it, the district court lacked jurisdiction.[4]

---

[4] We find it difficult to credit Mr. Wallin's assertion that he in fact was not challenging the Denver Juvenile Court's default judgment but only the procedures used by the CSE and the other state-agency defendants. In his complaint, he requested "an injunctive order for the vacation of the default orders and for an adequate proceeding according and in relation to Title IV-D," R., Doc. 3 at 11, and one of the defendants, Hon. Dana Wakefield, is a judge in the Denver Juvenile Court. If by "vacation of the default orders" Mr. Wallin was referring to the support orders of the CSE that were reduced to the June 2000 default

(continued...)

To the extent Mr. Wallin sought review of the CSE's amendment of his support obligation in September 2002, the last action of which he complained in his complaint, *Rooker-Feldman* is inapplicable because the relief sought does not implicate the June 2000 default judgment. But as the district court correctly noted, Mr. Wallin's claims are barred for a separate reason—the two-year statute of limitations applicable to § 1983 suits brought in Colorado. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (setting forth rule concerning relevant statute of limitations and approving sua sponte dismissals based on affirmative defenses that are obvious from the face of the complaint). He filed his complaint in this action on August 3, 2006, almost four years after the date of the last incident on which he based his claims and well beyond the limitations period.

In an effort to avoid this adverse result, Mr. Wallin now contends that the statute of limitations has not run because "[t]he last hearing and erroneous issuance of child support monthly payments was conducted on June 21, 2006." Aplt. Br. at 5. In support, he attaches a copy of a notice of hearing that was scheduled for that day in the Denver Juvenile Court. Because he did not raise this

[4](...continued)
judgment rather than the court's default judgment itself, *Rooker-Feldman* would still bar his claims because the relief sought—vacatur of the CSE orders—would reverse or undo the relief granted by the Denver Juvenile Court—reducing those orders to a judgment. *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (explaining scope of *Rooker-Feldman* in terms of relief requested).

-13-

argument or present this evidence to the district court, however, we will not consider it. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Because Mr. Wallin has not advanced "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh*, 115 F.3d at 812, we DISMISS No. 06-1416 as frivolous and deny his IFP motion. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Thompson*, 289 F.3d at 1222. Consequently, immediate payment of the unpaid balance of the appellate filing fee is due in this appeal, and we declare a strike for purposes of 28 U.S.C. § 1915(g).

## Conclusion

To summarize, in No. 06-1373, we AFFIRM the district court's judgment and grant Mr. Wallin's IFP motion. We also remind Mr. Wallin of his obligation to continue making partial payments until his appellate filing fee for this appeal is paid in full. In Nos. 06-1376 and 06-1416, we DISMISS the appeals as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), deny Mr. Wallin's IFP motions, and declare two strikes under 28 U.S.C. § 1915(g). As a result, immediate payment of the unpaid balance of the appellate filing fees is due in each of these two appeals. Additionally, we caution Mr. Wallin that a third strike will preclude him from bringing a civil action or an appeal from a judgment in a civil action without

prepayment of the applicable filing fee unless he establishes that he is under imminent danger of serious physical harm. *See id.*

Entered for the Court

David M. Ebel
Circuit Judge