FILED
United States Court of Appeals
Tenth Circuit

June 23, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ELMORE SHERIFF,

    Plaintiff - Appellant,

v.

ACCELERATED RECEIVABLES
SOLUTIONS, INC.; ARBY'S
RESTAURANT; and DAVID
BROSTROM for Accelerated
Receivables,

    Defendants - Appellees.

No. 06-8088
(D.C. No. 05-CV-279-CAB)
(D. Wyo.)

---

### ORDER AND JUDGMENT[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

---

In an action brought under 42 U.S.C. § 1983, Plaintiff-Appellant Elmore Sheriff,

proceeding pro se, alleges that the Defendants-Appellees Accelerated Receivables

Solutions, Inc. and one of its attorneys, David Brostrom (collectively "Accelerated"),

Arby's Restaurant ("Arby's"), various state actors, and a creditor, *inter alia*, violated his

---

[*]    After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34(G).  This case
is therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutional rights in the prosecution of a collection proceeding against him in Wyoming state court. The district court dismissed the state actors, as having absolute immunity, and a creditor, for Mr. Sheriff's failure to effect proper service. The district court later dismissed the action, finding that it lacked subject matter jurisdiction to hear the case under the *Rooker-Feldman*[1] doctrine. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of the state actors and the creditor. However, because we conclude that the state court's decision was not final before the commencement of the federal suit, we reverse the district court's dismissal based on *Rooker-Feldman*.

## I. Background

The history of this litigation is well-known to the parties. Therefore, we limit our discussion to the facts relevant to the issues before us.

### A. The State Court Action

Mr. Sheriff wrote a check on insufficient funds to Arby's in November 2003. The check was assigned to Accelerated for collection. After he received a demand letter and, as he prepared to pay the check, Mr. Sheriff noted that Accelerated had resubmitted the check to his bank, and that it already had been paid. He therefore did not respond to the demand letter.

---

[1] *D. C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

Two years later, Accelerated sued Mr. Sheriff for non-payment of the check.[2] The summons and complaint were served on Mr. Sheriff's fifteen-year-old son in compliance with Wyoming law. When Mr. Sheriff failed to answer, the state court entered a default judgment against him on August 26, 2005. Mr. Sheriff never appealed this default judgment.

After his bank attached funds in his personal checking account pursuant to a writ of garnishment, Mr. Sheriff filed a response to the writ of garnishment, which the district court treated as a request for an exemption hearing. Mr. Sheriff claimed that because he had paid the check he was not liable and further objected that the attached funds were federal benefits exempt from garnishment. In response to a state court order, Mr. Sheriff subsequently provided certain financial records, including a partial bank statement for the period of July 22 through August 18, 2005. The July 22 bank statement showed that of the $2,332.25 deposited during the period, only $891.00 originated from either the Veterans or Social Security Administrations.

On February 10, 2006, after affording Mr. Sheriff three opportunities to produce specifically requested evidence, the state court determined that Mr. Sheriff's checking account contained sufficient non-exempt funds to satisfy the judgment. Accelerated filed

---

[2] Arby's states that although the resubmitted check was paid, the $30.00 dishonored check collection fee assessed under Wyo. Stat. Ann. §1-1-115(a) was not. A plain reading of the statute demonstrates that, to escape liability for an unpaid check, the drawer must remit both the amount of the check and the collection fee to the holder of the check within thirty days of the demand. We note that Mr. Sheriff does not claim here, nor did he claim before the district court, that he paid the required $30.00 fee.

a release and satisfaction of the default judgment on February 17, 2006. Mr. Sheriff did not file a state-court appeal from either the judgment on the unpaid check or from the state court's determination that not all of the funds in his checking account were exempt from garnishment.

## B. The Federal Court Action

Meanwhile, on November 3, 2005, Mr. Sheriff filed a § 1983 action in the United States District Court for the District of Wyoming seeking money damages for alleged violations of, *inter alia*, the Due Process Clause, the Supremacy Clause, and the Equal Protection Clause of the Constitution, arising out of the debt collection matter in Wyoming state court. He sued Accelerated, Arby's, and Kinder Morgan, Inc. ("Kinder Morgan")—one of Mr. Sheriff's alleged creditors—and the Ninth Judicial District Circuit Court and its agents ("state defendants").

The state defendants promptly filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing, in part, that the state court judge and the court clerk were absolutely immune from liability as they were acting in their judicial capacity during their dealings with Mr. Sheriff. Several days later, Accelerated also filed a motion to dismiss, claiming that Mr. Sheriff had failed to properly perfect service. Approximately one month later, in January 2006, Mr. Sheriff filed an amended complaint, alleging the same constitutional violations as in his original complaint and adding a claim for invasion of privacy that accused the defendants of improperly accessing his bank account information during the garnishment proceedings. The state defendants then renewed their motion to

4

dismiss.  Kinder Morgan also filed a motion to dismiss, based on insufficiency of service and lack of personal jurisdiction.

The district court dismissed the state defendants on May 1, 2006.  Although the district court allowed Mr. Sheriff an opportunity to obtain proper service on Kinder Morgan, Mr. Sheriff made no attempt to do so.  Accordingly, the district court dismissed Kinder Morgan.

On September 29, 2006, Accelerated moved for summary judgment and to dismiss asserting that: (1) the district court lacked subject matter pursuant to the *Rooker-Feldman* doctrine; (2) res judicata and collateral estoppel precluded Mr. Sheriff's claims; and (3) he had no legal basis for his claims of wrongful garnishment of exempt funds.  Arby's moved to dismiss on that same day, adopting Accelerated's *Rooker-Feldman* arguments. On October 24, 2006, the district court dismissed the case, concluding that it did not have subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  Mr. Sheriff timely appealed.

## II.  Discussion

Although his amended complaint lacks clarity, Mr. Sheriff brought suit pursuant to 42 U.S.C. § 1983, claiming that the defendants: (1) violated the First, Fourth, Fifth, and Fourteenth Amendments in prosecuting a civil action against him for an unpaid check when the check had already been paid; (2) violated the Fourteenth Amendment because, in pursuing the unpaid check claim, they treated him differently than other similarly situated persons; (3) wrongfully garnished exempt funds from his checking account in

5

violation of the Fourth and the Fourteenth Amendments; and (4) violated his right to privacy. On appeal, Mr. Sheriff argues that the district court erred in applying the *Rooker-Feldman* doctrine to dismiss his case. Additionally, Mr. Sheriff appears to challenge the propriety of the district court's dismissal of Kinder Morgan and the state defendants.[3]

## A. *Rooker-Feldman*

We review a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) de novo. *Merida Delgado v. Gonzales*, 428 F.3d 916, 918-19 (10th Cir. 2005). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*

---

[3] Like his amended complaint, Mr. Sheriff's appellate filings lack clarity. Because Mr. Sheriff is proceeding pro se, we construe his briefs liberally and "have tried to discern the kernel of the issues []he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). However, "[t]his liberal treatment is not without limits." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Mr. Sheriff is required to follow the same rules of procedure that govern other litigants. *Id.* We make some allowances for "the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *See Richards v. Bellmon*, 941 F.2d 1015, 1018 n.3 (10th Cir. 1991) (citation omitted). But we do not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We note that it is possible that Mr. Sheriff is attempting to raise additional claims, particularly as he lists a number of alleged errors. However, for us to identify more than these two issues for appeal would require more than giving his pleadings a liberal construction but would demand that we construct arguments for Mr. Sheriff and carefully comb the record to find support for those arguments. Thus, we limit our discussion to the two issues that we consider to be adequately raised by Mr. Sheriff.

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, timing is important: The doctrine is confined to cases where the state-court loser filed suit in federal court after the state proceedings became final. *Id.* at 291.

We must first determine if the state court's decision was final for *Rooker-Feldman* purposes. The appellees offer two reasons why the default judgment would be considered final. First, state proceedings are final for *Rooker-Feldman* purposes when a party allows the time for appeal from a lower state-court judgment to lapse. *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006). Because Mr. Sheriff never appealed the default judgment, the appellees assert that he allowed the time for appeal to lapse and the judgment is thus final. Second, the appellees rely on *Guttman v. Khalsa*, 446 F.3d 1027 (10th Cir. 2006), where we cited with approval the First Circuit's explanation of three situations where the First Circuit would consider a judgment final for *Rooker-Feldman* purposes. One such situation is when "the state action has reached a point where neither party seeks further action." *Guttman*, 446 F.3d at 1032 n.2 (internal quotation marks omitted) (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)). The appellees assert that this situation applies to the instant case because Mr. Sheriff never appealed the decision. We find neither argument persuasive.[4]

---

[4]     Although the appellees do not discuss the subsequent exemption hearing, we note that because the district court's decision regarding exemption did not occur until months after Mr. Sheriff filed his federal claim, the exemption hearing proceedings could not be considered "final" for *Rooker-Feldman* purposes. *See Exxon Mobil Corp.*, 544

(continued...)

The default judgment entered by the district court could not be considered "final" based on the appellees' argument that the time to appeal had lapsed. Wyoming courts have consistently indicated that a default judgment is generally not appealable until a motion has been made pursuant to Wyo. R. Civ. P. 60(b); it is the denial of that Rule 60(b) motion that is appealable. *See, e.g.*, *Chamberlain v. Ruby Drilling Co., Inc.*, 986 P.2d 846, 847 (Wyo. 1999). Normally, Wyoming allows a party 30 days after the entry of an *appealable* order to file an appeal. Wyo. R. App. P. 2.01(a). Because Mr. Sheriff never made a Rule 60(b) motion to set aside the default judgment,[5] the default judgment could not be deemed appealable.[6] Therefore, the clock for filing an appeal of the

---

[4](...continued)
U.S. at 284.

[5]    It may be possible to liberally construe Mr. Sheriff's response to the writ of garnishment as a Rule 60(b) motion on the grounds that his exemption would be "any other reason justifying relief from the operation of the judgment." Wyo. R. Civ. P. 60(b)(6). However, even if we were to treat his response as such a motion, the state court did not rule on Mr. Sheriff's claimed exemption until February 10, 2006, which was after the federal suit was filed. Thus, even under such a view, the judgment could not be considered "final" prior to the commencement of the federal suit.

[6]    We may assume (without deciding) that the August 26, 2005 default judgment would have become final for *Rooker-Feldman* purposes when the time period for filing a Rule 60(b) motion had expired. *See Bear*, 451 F.3d at 642 (holding that "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended") (internal quotation marks omitted) (quoting *Federacion de Maestros de Puerto Rico*, 410 F.3d at 24); *see also Wallin v. Arapahoe County Det. Facility*, 244 F. App'x 214, 220 (10th Cir. 2007) (finding that, where the time to take an appeal from state court default judgment "passed well before" plaintiff filed his complaint, "the default judgment is final for *Rooker-Feldman* purposes"). If that expiration date had come before Mr. Sheriff filed his federal action on November 3, 2005, then the *Rooker-Feldman* doctrine seemingly would have applied and

(continued...)

judgment had not even started running prior to the filing of the federal suit. Thus, Mr. Sheriff cannot be said to have allowed the time for appeal to lapse, and we cannot consider the default judgment "final" for *Rooker-Feldman* purposes solely because of the time that elapsed between the entry of the judgment and the filing of the federal claim.

We also are not persuaded that neither party sought further action after the default judgment. The appellees' argument on this issue rests on Mr. Sheriff's failure to appeal the state court's default judgment. However, as discussed above, Mr. Sheriff's failure to file an appeal does not render the default judgment final in these circumstances. Furthermore, we cannot conclude that the default judgment represented a point in the litigation where neither party sought further action. Indeed, both parties did seek further action after the default judgment. A writ of garnishment was issued, bearing the same case number as that of the default judgment. Mr. Sheriff then filed a response to this writ before the district court. Thus, the appellees' argument that the failure to file an appeal

---

[6](...continued)
deprived the district court of jurisdiction. However, under the provisions of Wyo. R. Civ. P. 60(b), such a point of finality could not have been reached before Mr. Sheriff filed his federal lawsuit. As to three of the six enumerated grounds for seeking relief, Rule 60(b) provides no motion-filing deadline. A motion only "shall be made within a reasonable time." Wyo. R. Civ. P. 60(b). The "reasonable time" requirement also appears to be applicable to the other three grounds. However, as to these grounds, Rule 60(b) goes further and expressly imposes a filing deadline, which seemingly defines the outer boundary as to these grounds for filing a motion. That date is one year after the entry of the judgment or order at issue. *Id.* Accordingly, even under the time-expiration assumption noted here, the default judgment would not have been final for *Rooker-Feldman* purposes, when approximately two months after the judgment, Mr. Sheriff filed his federal lawsuit. Therefore, the *Rooker-Feldman* doctrine would not apply.

9

also indicates that no further action was desired by either party is unpersuasive.

Accordingly, we conclude that on the date the federal action was filed, the state court proceedings were not "final" for purposes of *Rooker-Feldman*. Because the state proceedings must have come to an end before the filing of the federal suit for *Rooker-Feldman* to apply, we conclude that the district court erred in applying *Rooker-Feldman*.

The appellees also assert that, regardless of *Rooker-Feldman*, they are entitled to judgment as a matter of law. Although we have at times affirmed a district court's order on grounds the district court did not rely on, *see, e.g.*, *Medina v. City & County of Denver*, 960 F.2d 1493, 1495 (10th Cir. 1992), that is the exception and not the rule. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

"The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton*, 428 U.S. at 121. In determining whether to exercise our discretion, we are "mindful of the policies behind the general rule." *Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991). We generally require that "an issue be presented to, considered and decided by the trial court." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (internal quotation marks and citation omitted). Here, the alternate grounds urged by the appellees were presented to the district court, but because the district court resolved the case on *Rooker-Feldman* grounds, the district court did not reach those alternate grounds. Accordingly, we will not resolve the merits of these issues in the first

10

instance but will follow the better practice of leaving this task to the district court.  *See Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007) ("Rather than examining and resolving the merits of these contentions [that were raised in a summary-judgment motion], however, we adopt the better practice of leaving the matter to the district court in the first instance.").

## B.  Dismissal of the State Defendants and Kinder Morgan

Mr. Sheriff also challenges the district court's dismissal of both the state defendants and Kinder Morgan.  We hold that the district court did not err in granting either motion to dismiss.

First, we review the district court's dismissal of a complaint for judicial immunity de novo. *Guttman*, 446 F.3d at 1033.  Dismissal of the judge and court clerk was proper in this case "because it is well established that 'absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.'" *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting *Guttman*, 446 F.3d at 1033). When the plaintiff alleges that a judge "engaged in unconstitutional conduct only while presiding over his civil lawsuits, [the defendant judge was] performing judicial acts and [was] therefore clothed with absolute judicial immunity." *Id*. (internal quotation marks and citation omitted).  Additionally, non-judicial officers performing judicial or quasijudicial duties that have "an integral relationship with the judicial process" are also absolutely immune from liability. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (citation omitted).

11

The acts for which Mr. Sheriff sued the state court judge—presiding over the unpaid check claim and the post-judgment garnishment proceedings—are clearly judicial acts. There also is no question that the state court judge was acting within its jurisdiction. Any acts taken by court agents were, likewise, in furtherance of their official, judicial duties. Therefore, both the state judge and the court clerk enjoy absolute immunity in this case.

Additionally, the district court's dismissal of Mr. Sheriff's claims against Kinder Morgan was also proper because the record shows that he did not effect proper service. We review the district court's dismissal for failure to comply with the Federal Rules of Civil Procedure for abuse of discretion. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). Upon our review of the record as well as Mr. Sheriff's appellate submissions, we cannot say that the district court abused its discretion in dismissing his complaint against Kinder Morgan for failure to obtain proper service.

As the district court observed, Mr. Sheriff's service of the summons and complaint on a mail service clerk employed by an independent contractor of Kinder Morgan at its Nebraska customer service department was inadequate pursuant to either federal or state law. Nonetheless, the district court allowed Mr. Sheriff another opportunity to effect proper service on Kinder Morgan. Despite having been provided a road map to proper service, Mr. Sheriff did not attempt to comply with the district court's order and never effected proper service.

Accordingly, we affirm the district court's dismissal of the state defendants and

12

Kinder Morgan.

### III.  Conclusion

For the foregoing reasons, we **REVERSE** and **REMAND** the district court's dismissal on *Rooker-Feldman* grounds.  However, we **AFFIRM** the district court's dismissal of Kinder Morgan and the state defendants.  We also **GRANT** Mr. Sheriff's motion to proceed in forma pauperis.

Entered for the Court

Jerome A. Holmes
Circuit Judge