**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELMORE SHERIFF,

      Plaintiff-Appellant,

v.

ACCELERATED RECEIVABLES
SOLUTIONS; ARBY'S
RESTAURANT; DAVID
BROSTROM, for Accelerated
Receivables,

      Defendants-Appellees.

No. 08-8094
(D.C. No. 1:05-CV-00279-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

Plaintiff Elmore Sheriff, appearing pro se, appeals from an order of the

district court granting summary judgment to defendants Accelerated Receivables

Solutions, Inc. and David Brostrom (one of Accelerated Receivables' attorneys)

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(collectively, "ARS"), and defendant Arby's Restaurant ("Arby's") in this civil rights suit filed under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

On November 14, 2003, Mr. Sheriff wrote a check for $5.25 on insufficient funds to an Arby's Restaurant in Riverton, Wyoming. *See* R., Doc. 166, at 7-8 (District Court's November 14, 2008, Order Granting Defendants' Motion for Summary Judgment). The check was assigned to ARS for collection, along with other outstanding bills from 2004 that Mr. Sheriff was alleged to owe Kinder Morgan, Inc. *See* Aplee. Jt. App'x at 151-52. Pursuant to Wyo. Stat. Ann. § 1-1-115, a division of ARS called CheckFirst submitted a demand letter to Mr. Sheriff to collect the unpaid check and a $30 collection fee. *See* Aplee. Jt. App'x at 279. ARS also resubmitted the check, which was paid. Mr. Sheriff verified for his own information that the check had been paid and did not respond to the demand letter. He also did not pay the $30 dishonored check fee that was due within thirty days of ARS's demand letter under Wyo. Stat. Ann. § 1-1-115(a).

In June 2005, ARS sued Mr. Sheriff in state court for nonpayment of the $30 collection fee, for an additional $100 statutory penalty available under Wyo. Stat. Ann. § 1-1-115(b), and for nonpayment of the Kinder Morgan bills.

A default judgment for $378.40[1] was entered against Mr. Sheriff in that action, Aplee. Jt. App'x at 156, a writ of garnishment was issued, *id.* at 158, and funds in Mr. Sheriff's personal checking account were attached.

Mr. Sheriff never appealed the default judgment, but he responded to the writ of garnishment, arguing both that he had paid the check before the collection action was filed and that the attached funds were federal social security disability and veterans benefits exempt from garnishment. *Id.* at 159-60. The state court held three hearings, but Mr. Sheriff did not attend any of them or provide documentation the court had told him would be necessary to show that his funds were exempt from garnishment. *Id.* at 193-95. The state court ruled on February 10, 2006, that the evidence Mr. Sheriff had provided outside of the hearings did not show that the attached funds were exempt funds, and the court therefore ordered that the attached funds be paid to ARS. *Id.* at 195. ARS filed a release and satisfaction of the default judgment a few days later.

Meanwhile, in November 2005, Mr. Sheriff filed this civil rights action for money damages, alleging that ARS, Arby's, the state court and its agents, and

---

[1] An attachment to Mr. Sheriff's brief shows that ARS sought $124.75 related to the check. We note that Wyo. Stat. Ann. § 1-1-115(b) provides to the holder of a dishonored check a penalty of three times the face value of the check, but not less than $100, if both the check and the collection fee were not paid within thirty days of the demand letter. Because the check itself had been paid, $124.75 represents the $30 collection fee and the $100 penalty for nonpayment of the collection fee, less the $5.25 that had been paid. David Brostrom explained in his affidavit that ARS policy was to give credit to the drawer of a dishonored check for any amount paid. Aplee. Jt. App'x at 273 ¶ 7.

Kinder Morgan violated his constitutional rights in prosecuting the state debt collection action. The district court dismissed the state actors based on their absolute immunity, dismissed Kinder Morgan based on lack of proper service, and later dismissed the action based on the *Rooker-Feldman* doctrine.[2] *See Sheriff v. Accelerated Receivables Solutions, Inc.*, 283 F. App'x 602, 605 (10th Cir. 2008) ("*Sheriff I*").

On appeal, we construed Mr. Sheriff's complaint as asserting a claim under 42 U.S.C. § 1983 that defendants

> (1) violated the First, Fourth, Fifth, and Fourteenth Amendments in prosecuting a civil action against him for an unpaid check when the check had already been paid; (2) violated the Fourteenth Amendment because, in pursuing the unpaid check claim, they treated him differently than other similarly situated persons; (3) wrongfully garnished exempt funds from his checking account in violation of the Fourth and the Fourteenth Amendments; and (4) violated his right to privacy.

*Sheriff I*, 283 F. App'x at 605. We affirmed the dismissal of the state actors and Kinder Morgan, but we reversed the dismissal of the action under *Rooker-Feldman* and remanded the case to the district court. *See id.* at 608-09.

On remand, Mr. Sheriff moved for summary judgment, filed four motions for a change of venue from Cheyenne to Casper so that his drive to court proceedings would be shorter to accommodate his physical disabilities or his poverty, and challenged the validity of Wyo. Stat. Ann. § 1-1-115. ARS and

---

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

Arby's moved to dismiss or for summary judgment, arguing that Mr. Sheriff's claims were barred by the doctrines of res judicata and collateral estoppel and that, even if his claims were not barred, ARS and Arby's were entitled to summary judgment on the undisputed evidence.

The district court held a hearing on the pending motions on October 30, 2008, but Mr. Sheriff did not appear, either in person or by telephone. *See* Supp. R. at 21. On November 14, 2008, the court issued its written order granting summary judgment to ARS and Arby's and denying Mr. Sheriff's motions. R., Doc. 166. The court thoroughly reviewed the law applicable to res judicata (both claim preclusion and issue preclusion), including the rule that res judicata bars not only issues that were actually litigated in a prior action, but also issues that could have been raised in the earlier proceeding. *Id.* at 4-7. The court explained that Mr. Sheriff's federal claims either were raised in the state court action or could have been raised in the state court action and were therefore barred by res judicata. *Id.* at 6-7; *see also Strickland v. City of Albuquerque*, 130 F.3d 1408, 1412-13 & n.4 (10th Cir. 1997) (noting that state courts have subject matter jurisdiction over federal constitutional claims raised under 42 U.S.C. § 1983 and that their review of such claims is not limited).

The district court also explained that even if Mr. Sheriff's federal claims were not barred by res judicata, ARS was nevertheless entitled to summary judgment. The court reasoned that the undisputed evidence showed that

Mr. Sheriff's check was dishonored; that he did not pay ARS the dishonored check fee required by Wyoming law; that his failure to pay the dishonored check fee allowed ARS to seek from him not only that fee, but also an additional statutory fee; and that he failed to show that his bank account contained only federal benefits exempt from garnishment. *Id.* at 7-9. The court ruled that Arby's was also entitled to summary judgment because it proved that it had no involvement with the garnishment of Mr. Sheriff's funds. *Id.* at 10. The court denied Mr. Sheriff's motions for a change of venue between divisions of the District of Wyoming because it viewed the additional driving distance to Cheyenne as minimal. *Id.* at 10-11. The court denied Mr. Sheriff's challenge to the state statute because it was barred by res judicata and because it lacked cogent support. *Id.* at 11. Finally, the court denied Mr. Sheriff's motion for summary judgment. *Id.* Mr. Sheriff appeals.

## II.

Mr. Sheriff's briefs on appeal lack clarity.[3] As we stated in his prior appeal, because he is proceeding pro se, we construe his briefs liberally and "have

---

[3] In addition to his opening brief, Mr. Sheriff filed five documents labeled "Addendum" that were received, not filed. Under the procedural rules, an appellant is allowed to file an opening brief, Fed. R. App. P. 28(a), and a reply brief, *id.* (c), but "[u]nless the court permits, no further briefs may be filed[,]" *id.* We have reviewed Mr. Sheriff's five Addenda, grant permission for the Addendum filed on March 13, 2009, to be filed as a reply brief, and direct the clerk of this court to file it. The other four Addenda supplement arguments already made in Mr. Sheriff's opening brief, and we deny permission for them to be filed.

tried to discern the kernel of the issues []he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). However, "[t]his liberal treatment is not without limits." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Mr. Sheriff is required to follow the same rules of procedure that govern other litigants. *Id.* We make some allowances for his "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Richards v. Bellmon*, 941 F.2d 1015, 1018 n.3 (10th Cir. 1991) (quotation omitted). But we do not "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Deciphering his statement of nine issues as best we can, *see* Aplt. Br. at 9, Mr. Sheriff argues on appeal that: (1, 2, and 7) the district court should not have denied his motions for a change of venue from Cheyenne to Casper because his doctor recommended that he not drive as far as Cheyenne due to his physical disabilities; (3, 4, and 6) the district court should have required the original check to be produced in federal court; (5, 8) the district court should have addressed his constitutional issues before granting summary judgment to defendants; and (9) the district court should have applied the Uniform Commercial Code in his favor.

"We review the grant of summary judgment de novo, applying the same standard as that used by the district court." *Travis v. Park City Mun. Corp.*,

565 F.3d 1252, 1255 (10th Cir. 2009). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In addition, "[a] federal court is authorized, in its discretion, to transfer proceedings from one division of a district to another, upon motion, consent or stipulation of all of the parties." *Fallbrook Pub. Util. Dist. v. United States Dist. Ct.*, 202 F.2d 942, 944 (9th Cir. 1953) (discussing 28 U.S.C. § 1404(b)). We therefore review the district court's denial of Mr. Sheriff's motions for change of venue under 28 U.S.C. § 1404(b) for a clear abuse of discretion. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

We have carefully reviewed the parties' briefs, the record on appeal, the supplemental record on appeal, and defendants-appellees' joint appendix in light of the governing law. We find no error. The district court properly did not address Mr. Sheriff's issues because they were barred by res judicata. Mr. Sheriff's stated issue on appeal under the Uniform Commercial Code is not supported in his opening brief by even minimally developed legal argument or any authority and is therefore waived. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992). We affirm for substantially the same reasons as those set out in the district court's thorough and well-reasoned November 14, 2008, Order Granting Defendants' Motion for Summary Judgment. We are not

-8-

persuaded that Mr. Sheriff's motions for a change of venue were adequately supported in the district court or that the district court abused its discretion in denying them. In his Addendum filed on May 28, 2009, Mr. Sheriff moves for the district judge to be recused from hearing this case a third time. Because we affirm the grant of summary judgment, the motion to recuse is moot and is denied.

Mr. Sheriff has not demonstrated the existence of a reasoned, nonfrivolous issue to be raised on appeal. Therefore, his motion for leave to proceed in this court without prepayment of costs or fees must be denied. *See Coppedge v. United States*, 369 U.S. 438, 446 (1962). Mr. Sheriff shall pay the entire filing fee for this appeal forthwith.

The clerk of this court is directed to file Mr. Sheriff's "Addendum" filed on March 13, 2009, construed as a reply brief. The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge